RECEIVED
IN ALEXANDRIA, LA
FEB 9 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES TERRY BREWSTER<br>LA. DOC. #126137<br>VS.<br>WARDEN, AVOYELLES CORRECTIONS CENTER | CIVIL ACTION NO. 08-1508<br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

On August 12, 2008, petitioner James Terry Brewster filed a *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) in the United States District Court for the Eastern District of Louisiana. Petitioner is an inmate in the custody of Louisiana's Department of Corrections (LDOC); he is incarcerated at the Avoyelles Corrections Center, Cottonport, Louisiana and his original pleading alleged that he did not receive proper credit for time served and that his current sentence calculation by the LDOC is erroneous. Since petitioner was neither convicted, sentenced, nor incarcerated in the Eastern District, the matter was transferred to this court on September 25, 2008. [see rec. docs. 4 and 5]

Upon transfer to this Court, petitioner was allowed to proceed *in forma pauperis*. [rec. doc. 7] Thereafter, petitioner filed a series of additional *pro se* pleadings requesting both his immediate release and monetary damages. [rec. docs. 8-11]

This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition for habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies; it is further recommended that petitioner's claims for money damages be **DISMISSED WITH PREJUDICE** because such relief is not available in a *habeas corpus* action.

### Background

As noted above, petitioner is an inmate in the custody of the LDOC. He is incarcerated at the ACC, where he is serving hard labor sentences imposed following his convictions for aggravated oral sexual battery, simple burglary, and failure to register as a sex offender.

Petitioner's parole was revoked on September 18, 2001 on the basis of a misdemeanor arrest in Monroe. The misdemeanor charge was ultimately dismissed. [rec. doc. 1, pp. 8 -12]

In 2004 petitioner filed suit in Louisiana's Nineteenth Judicial District Court contesting the parole revocation. On April 22, 2004 a Commissioner of that Court convened a hearing and determined that petitioner's parole was revoked in violation of petitioner's due process rights; she recommended reversal of the actions of the Parole Board and remanded the matter for further proceedings. [rec. doc. 1, pp. 18-19] On May 3, 2004, Judge Janice Clark of the Nineteenth Judicial District Court

adopted the reasoning of the Commissioner, reversed the parole revocation and remanded to the Parole Board for another hearing. [rec. doc. 1, p. 21] After serving 32 months and 25 days, petitioner was released back on parole on June 14, 2004. [rec. doc. 1, p. 14]

On June 25, 2008 he filed a civil rights complaint in the United States District Court for the Middle District of Louisiana. He complained of the wrongful revocation of his parole and that his sentence was not properly credited for the 32 months and 25 days he was held in custody as a result of the wrongful parole revocation. He sought credit toward his sentence and money damages. On June 27, 2008 the United States Magistrate Judge authored a Report recommending dismissal of the complaint. Citing Serio v. Members of La. Sate Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987), the Magistrate Judge observed that the request for jail credits could only be maintained in a suit for *habeas corpus* since resolution of that claim might entitle petitioner to immediate or early release from custody. Citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) she also concluded that petitioner's claim for money damages could not be pursued until and unless petitioner showed that a court or other authorized tribunal had determined that he was improperly denied jail credits. On July 14, 2008 United States District Judge James J. Brady adopted the Report and Recommendation and signed a

judgment dismissing petitioner's claims as frivolous. [See James Terry Brewster v. Richard Stalder, et al., No. 3:08-cv-0387 (M.D.La.) at rec. docs. 1, 4, 6, and 7]

On August 12, 2008, petitioner filed the instant petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Louisiana. Since petitioner is incarcerated in a prison located in the Western District of Louisiana, the action was transferred to this Court. The petitioner claimed that the LDOC did not properly credit the 32 months and 25 days he was required to serve following the 2001 parole revocation. [rec. doc. 1, ¶12]

On November 3, 2008 petitioner submitted a "Letter Proceeding in this Action, Letter of Postpondence." Petitioner made the following claim,

> Since my previous filing of this case to court, Master Records of the Department of Public Safety and Corrections have given me the 38 months credit that's been due to me since I was released in 6/14/04. The problem now is that they didn't apply it toward the correct full term date, the 38 months has to come from the full term date that I had during that period all the events of that parole revocation took place, from the original full term date of 11/11/08. This would have given me a new full term date in the month of September 2005. I would have completed my parole term at home. To apply the 38 months credit toward the full term date, that they just adjusted it from, 3/29/2017 to 12/18/2013 this is causing me to serve time that would not even exist had they applied it toward the correct date 11/11/08, to start with. [rec. doc. 8]

On November 5, 2008 petitioner filed a pleading entitled "Motion

to Present Evidence." Among other things he alleged,

> The relief I am seeking now through this court is to get the Department ... to retroact giving me the same 38 months credit from the correct full term parole date 11/11/08. This will grant me an immediate release and grant me the opportunity of being compensated for the unjust incarceration brought on by Mr. Robert Barbor's actions acting under State color for the mental anguish and pain and suffering of being forced into hard labor. I'm seeking the sums of $250.00 (two hundred and fifty dollars) for each and every day I set in jail on an unjustified incarceration. [rec. doc. 9, p. 2]

He again asked for this amount of damages in the final page of his pleading. [rec. doc. 9, p. 32]

Finally, on January 16, 2009 petitioner filed a "Motion for Evidentiary Hearing." [rec. doc. 11] Petitioner summarized his claim as follows,

> I ... received credit for the 38 months I served ... I received the 38 months credit sometime between 2/25/08 and 6/18/08 ...
>
> But the 2 claims that brings attention to the request of an evidentiary hearing are problem #1 They gave me the 38 months credit but they didn't take it from the correct full term date. The credit has to come from the full term date that I had during the time period of the arrest date 4/19/01, the parole revocation hearing date 9/18/01 and the release date from the revocation 6/14/04. All these dates was governed by the full term date 11/11/08, this is the date that the 38 months has to come from.
>
> They took or gave me the credit from a full term date of 3/29/2017, a date that would not even exist had they given me the 38 months credit back when the Judge ordered the reversal of my parole revocation on 5/3/04 or when the parole board reinstated my parole from the unjustified incarceration on 6/14/04, this is when I should have received the 38 months credit from my original full term date at that time which was

5

> 11/11/08. This would have given me a new full term date in the month of September 2005.
>
> Therefore when I came back to jail on January 9, 2006 on a warrant for failure to register all I should have had was that one charge to deal with which I plea bargain to for 2 years under the new good time act (572) where I'm only scheduled to serve 10 months on the 2 year sentence and by me plea bargaining to the charge on 9/15/06 I would have automatically gotten credit for time served starting the 10 months sentence 1/9/06 I would have had 2 more months to go home with 14 months left on parole ending January 2008.
>
> I am seeking a court that has the power to ensure that due process is afforded for I am seeking compensation for damages to the injury of being deprived of my rights, privileges, and immunities which are secured by the Constitution and law. [rec. doc. 11, pp. 1-3]

That motion - insofar as petitioner sought an evidentiary hearing - was denied on January 22, 2009. [rec. doc. 12]

### *Law and Analysis*

#### *1. Habeas Corpus*

Petitioner's original pleading invoked the provisions of 28 U.S.C. §2254 which provides the proper method for seeking *habeas corpus* relief by prisoners, like petitioner, who are in custody pursuant to the judgment of a state court. Both the statutes and jurisprudence make it abundantly clear - a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief prior to filing his habeas petition pursuant to either 28 U.S.C. § 2241 or § 2254(b). <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956

(1987); Rose v. Lundy, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. Rose, 455 U.S. at 523.

A federal district court may notice *sua sponte* the lack of exhaustion. Shute v. State, 117 F.3d 233, 237 (5th Cir.1997). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). Since petitioner seeks release from custody, and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion.

Louisiana requires that challenges to the computation of a sentence be brought first through the LDOC's administrative grievance process. La. R.S. 15:1176 ("Before any cause of action may be heard in any state or federal court, administrative remedies must be exhausted under the procedure authorized by this Part...") These administrative remedies procedures are exhausted only after the prisoner's claims have been presented to the Secretary of the LDOC.

7

If the administrative remedies procedure is unsuccessful, the inmate must then seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 ("Any offender who is aggrieved by an adverse decision ... by the Department of Public Safety and Corrections ...rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court, or, if the offender is in the custody of the Sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided...") and R.S. 15:571.15 ("Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge ...") Compare <u>State ex rel. Bartie v. State</u>, 501 So.2d 260, 264 (La.App. 1st Cir.1986)("La.R.S. 15:571.15 is a special venue statute pertaining to LDOC which provides as follows: 'Venue in any action in which an individual committed to the Department of Corrections contests the computation of his sentence or sentences, discharge, parole, or good time dates shall be in the parish of East Baton Rouge...'")

If unsuccessful at the district court level, the inmate can

8

seek discretionary review of the decision in the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1); see also State ex rel. Bartie v. State, 501 So.2d 260, 265("A judgment refusing to grant release upon a petition for a writ of post-conviction *habeas corpus* is not appealable. La.C.Cr.P. art. 369. Such a judgment is subject to review under the supervisory jurisdiction of the court of appeal in the circuit in which the case arises. La.Const. of 1974, art. V, § 10(A).")

Should petitioner's request for review be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922. Thus, in order to properly exhaust a sentence computation claim, a Louisiana prisoner must first seek review with the warden of the prison where he is incarcerated. If that proves unsuccessful, he must seek review with the Secretary of the LDOC. If that process proves unsuccessful, he must file a petition for review in the Nineteenth Judicial District Court. If that proves unsuccessful, he must seek discretionary review in the First Circuit Court of Appeals and then the Louisiana Supreme Court.

The presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner. While it is impossible to determine

whether or not petitioner completed the administrative remedy review procedure[1]; or whether he has sought review in the district court or the court of appeals,[2] it is abundantly clear that the present *habeas corpus* claim has not been fully and fairly presented to the Louisiana Supreme Court, and therefore, petitioner's sentence computation claim remains unexhausted.[3]

## 2. Civil Rights Claims

Petitioner also seeks an award of $250/day for each day that he served unjustified "...for damages to the injury of being deprived of my rights, privileges, and immunities which are secured by the Constitution and law. Along with pain and suffering I've endured and having to be medically treated for the mental anguish of depression to ward off the thoughts of suicide." [rec. doc. 11; see also rec. docs. 8, 9, and 10] Damages are not an available habeas remedy. Nelson v. Campbell, 541 U.S. 637, 646, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004); Wolff

---

[1] Petitioner has provided no evidence to establish that he has even attempted to resolve his sentence computation problem with the LDOC through the administrative remedies procedures which are available.

[2] Petitioner suggests that he has a writ application pending in the First Circuit Court of Appeals. According to petitioner, he filed a pleading in that court on July 3, 2007; on August 6, 2007 the Court returned the pleading to petitioner because he failed to sign it. Petitioner claims that he signed the pleading and returned it to the First Circuit on August 7, 2007 and "they never responded." [rec. doc. 1, ¶11]

[3] The form petition utilized by petitioner asks, "Did you appeal to the highest state court having jurisdiction ..." Petitioner did not answer the question. The follow-up question is as follows, "If you did not appeal from the adverse action ... explain briefly why you did not..." to which petitioner responded, "I am appealing now." [see rec. doc. 1, ¶11(d) and (e)]

v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Preiser v. Rodriquez, 411 U.S. 475, 494, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)

Therefore,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus (28 U.S.C. §2254) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust state court remedies prior to filing the action; and,

**IT IS FURTHER RECOMMENDED** that the petition and associated pleadings [rec. docs. 8-11], to the extent that they seek monetary damages be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

11

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana February 7, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE